*48 Opinion of the Court.
THIS was an action of debt, brought in the name of the commonwealth, for the use of Taylor, against Bradley, as sheriff, upon his official bond. The breach alleged in the declaration, is, in his failure to return an execution on the return day, or within one month thereafter; whereby, as the declaration avers, an action hath accrued to the plaintiff, to have and demand of the defendant the amount expressed in the execution, including interest and costs, with thirty per cent. damages. To the declaration the defendant demurred, and on the demurrer the circuit court gave judgment for the defendant; from which the plaintiff has appealed to this court.
1. The judgment of the circuit court cannot; in our opinion, be sustained. It is undoubtedly true, that the *49 plaintiff could not, as in his declaration he seems to suppose he might do, maintain this action for the recovery of the amount expressed in the execution, and interest and costs, with thirty per cent. damages ; for the act of assembly which imposes that penalty upon the sheriff, for failing, without good cause, to return an execution for one month after the return day, gives the remedy against the sheriff or his deputy by motion only; and it is an established rule, where a statute creates a right or imposes a penalty, and gives a specific remedy for its enforcement, that no other remedy will lie. But, independent of the act of assembly imposing that penalty, it was the duty of the sheriff to return the writ according to its requisitions; and his failure of duty in this respect, was obviously a breach of the condition of his official bond, for which the plaintiff had a right to maintain this action, and recover such damages as he had actually sustained. This right of the plaintiff cannot be considered as abrogated or taken away by the act of assembly in question ; for the act contains no repealing clause, and its provisions cannot be construed to prohibit the plaintiff from the exercise of a right which he before had. The remedy given by the act, is, therefore, merely cumulative, and the plaintiff is left to his choice, to pursue that or the remedy which the law had before given him.
The question on a general demurrer to the declaration, is not whether the plaintiff is entitled to the whole of what he demands ; but whether he is entitled to any part of it.
2. It is true, the plaintiff, by claiming the penalty imposed by the act of assembly, has obviously claimed more than he has a right to recover in this form of action ; but the question on the demurrer, is not, whether he has shown himself entitled to all he has claimed, but whether he has shown himself entitled to recover any thing.
The judgment must be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with this opinion.