May Term,
1837.

RUDISILL
v.
SILL.

---

## RUDISILL *v.* SILL.

If in a suit on a specialty, the defendant obtain *oyer* of the instrument, and then set it out untruly in a material part and demur to the declaration,—the Court, on the plaintiff's motion, will set aside the demurrer, and render judgment in his favour for want of a plea, unless the defendant obtain leave to proceed more correctly.

*Monday,*
*May 29.*

APPEAL from the *Boone* Circuit Court.

DEWEY, J.—This was an action of debt. The declaration describes, as the cause of action, a single bill for the payment of a sum of money "on or before the 20th day of *February*." The defendant below having obtained *oyer* of the deed declared

on, set out an instrument payable "on or before the 12th day of *February*," and demurred generally. The plaintiff below having produced to the Court the writing obligatory on which the action was founded, which corresponded with the description of it in the declaration, moved the Court to reject the demurrer, because of the misrecital. The demurrer was rejected, and the defendant making no further defence, judgment was rendered against him by *nil dicit.* The error assigned is the rejection of the demurrer.

A party who has obtained *oyer* of a specialty may waive the benefit of it if he please, but if he professedly set it out upon the record, he is bound to recite it truly and entire; and if he misrecite it, his adversary has a remedy against the consequences of the misrecital, by the usual *English* practice, in either of two ways: he may *sign judgment* as for want of a plea, or he may make the misrecited deed a matter of record by enrolment, and demur. This latter mode of proceeding, however, is applicable only to a plea averring matter of fact, and cannot be pursued in regard to a demurrer containing false recitals. And it has also been held, that instead of adopting either of these modes of remedy, the pleader of the deed may move the Court to quash the false plea. 4 T. Rep. 370. Our practice does not admit of a party *signing judgment;* he is nevertheless not bound to answer pleading containing untrue recitals upon *oyer;* he may move the Court to reject such pleading, and upon his motion being granted, take judgment for want of pleading, unless his adversary obtain the leave of the Court to proceed more correctly (1).

It has been contended, that a *plea* containing a misrecital is distinguishable from a *demurrer* of a similar character, and that although such a plea may be set aside upon motion, it would be improper to treat a demurrer in the same manner, because the latter may reach other defects of the declaration, than the apparent variance produced by the false recital, and that therefore there should be a joinder in demurrer, after enrolling the true deed. The distinction is not well taken. The reason of *signing judgment,* or of rejecting the plea on motion, is, that the false recital contained in it is a *breach of the condition,* upon which the pleader undertakes to avail himself of the benefit of *oyer,* that he shall recite truly every material part of the deed, of which profert has been made by the other party.

Gould's Plead. 450. This condition is equally broken, whether the privilege gained by *oyer* be abused by false recital in a *demurrer* or *plea.* In either case, the party persevering in such an error subjects himself to a judgment by *nil dicit.*

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

A. S. White and R. A. Lockwood, for the appellant.
I. Naylor, for the appellee.

(1) In *England*, "judgments, like the pleadings, were formerly pronounced in *open Court;* and are still always *supposed* to be so. But, by a relaxation of practice, there is now in general, except in the case of an issue in law, no actual delivery of judgment either in Court or elsewhere. The plaintiff or defendant, when the cause is in such a state that, by the course of practice, he is entitled to judgment, obtains the signature or allowance of the proper officer of the Court, expressing, generally, that judgment is given in his favour; and this is called *signing judgment,* and stands in the place of its actual delivery by the judges themselves.

On judgments by *nil dicit* in the King's Bench and Common Pleas, the way of *signing judgment* is, to make an *incipitur* of the declaration on stamped paper, and get it signed by the clerk of the judgments in the King's Bench,—and in the Common Pleas, at the prothonotary's office. On judgments after verdict in the King's Bench, the master signs the postea in taxing costs; and this is the *signing of judgment.* 1 Mann. Exch. 352, *n.*"—Stephen on Plead. 110, 111.

When the *judgment signed* by the plaintiff is final, execution may issue immediately; but if it be interlocutory only, the assessment of damages must be made and returned, and final *judgment signed,* before the execution issues. 3 Chitt. G. P. 672. The *entry* of the final judgment on the roll may be *afterwards* made to warrant the execution. Boote's Suit at Law, 192.

After *signing final judgment,* "the next proceeding is to enter the judgment on record. Upon an issue in fact, the proceedings up to the time of the trial have been already entered on record. But upon *signing judgment* after the trial, the whole proceedings to the judgment inclusive must be again entered on a roll of parchment. And when *judgment is signed,* not after trial, but on demurrer, or as by default, confession, &c., there having been no record yet made up, the whole proceedings to the judgment inclusive are to be entered, for the first time, on a parchment roll. This proceeding is called *entering the judgment.* Though supposed to be the act of the Court, the duty of making the entry in proper form belongs in fact to the attorney of the successful party; and by him the roll, called the *judgment roll,* is afterwards deposited and filed of record in the treasury of the Court." Stephen on Plead. 110, 111.

According to our practice, the party entitled to an interlocutory or final judgment in the Circuit Court, instead of *signing the judgment* as above-stated, applies to the Court for the proper judgment; and when the same is rendered by the Court, the clerk enters it on his minutes of that day's proceedings, and it is in force from that time. If the judgment be final, the proceedings proper to be recorded are *afterwards* entered by the clerk in a book kept by him for that purpose, and such entry constitutes the complete record of the cause.