Opinion of the court by
Mr. Justice Tkottuh:
The act of the legislature provides «that if any sheriff, &c. shall make return upon any writ of fieri facias, &c.-that he hath levied the debt, damages, &c., and shall not immediately pay the same to the party to whom the same is payable, or his attorney, &c., or shall make any other return upon any such execution,. as will show that such sheriff, hath voluntarily, and without authority omitted to levy the same, or as would entitle the plaintiff to recover from such sheriff, &c., by action of debt, the debt, damages or costs, in such execution mentioned, and such sheriff, &c. shall not immediately pay the same to the party to whom it is payable or his attorney, it shall and may be lawful for the creditor at whose suit such fieri facias, &c. shall issue, upon motion made before the court, &c., to demand judgment against such sheriff, &c. and the sureties, &c., for the money mentioned in such writ, with interest thereon at the rate of thirty per cent, per an-num, from the return day of such execution, and such court is authorized and required to give judgment accordingly.”
Many errors have been assigned by the plaintiff, all of which however resolve themselves into the following questions: First. Is the summary proceeding by motion against sheriff, which the statute provides, a violation of the constitutional provision which guarantees the right of trial by jury? And secondly. Is there sufficient proof in the record to sustain the judgment?
The bill of rights of the people of this state which declares that the right of trial by jury shall remain inviolate, has never been *453 held to extend to questions in the trial of which, a jury is not necessary by the ancient principles of common law. But the right of courts of justice to punish their own officers, for contempts, in not obeying their process or orders, or for abuses in the administration or execution of justice, by summary conviction, “ is as ancient as the law itself.” 4 Black. 283. And Hawkins, in his Pleas of the Crown, says it is clear from the reason of the law, which gives courts a discretionary power over their own officers, in cases of neglect of duty or abuses of their power in the discharge of their duties, that they may punish in the summary mode by attachment, &c. This power is essential not only to preserve the just authority and respectability of courts, but to sub-serve the ends of justice. This being, then, one of the attributes of all courts of justice, by the immemorial sanctions of. the common law, and essentially necessary for their preservation, the statute which conferred the power on the court to render the judgment in the present case, is no infringement of the constitutional rights of the sheriff. It merely regulates the mode of the exercise of the power inherent in the court, of punishing its own officer for a contempt, and makes that power auxiliary to the just rights of the party who has been injured. In most of the states similar powers have been given by statute to their courts. In Kentucky they have a 'statute very much like ours, and they have uniformly, it seems, proceeded according to its provisions, notwithstanding they have very often been met by the constitutional objection which is raised in the case at bar. In the case of Wells a. Caldwell, 1 Marshall, 441, the judgment was on a summary motion against the sheriff for failing to return an execution, and it was objected that the proceeding was in violation of the constitution. But the Court of Appeals affirmed the judgment, observing that the statute violated no right which the sheriff had at common law. The same point is held in Harrison v. Chiles, 3 Littell, 202, which was a summary proceeding against a clerk for extortion in a fee bill, under an act of Kentucky. The court say, that as an officer of the court, and amenable to it, he is liable without the intervention of a jury. In 1 Littell, 48, the same doctrine is recognized.
In relation to the second objection, it is deemed sufficient to re *454 mark, that the judgment is very regularly and formally taken in the presence of the parties, who are all stated in the record to have appeared upon the day fixed for the trial, and that according to well settled principles, we are bound to presume, that the court had sufficient proof of all the facts necessary to fix the liability of the sheriff and his sureties. If there was any defect of testimony it should have been made manifest by a proper bill of exceptions.
The return made by the sheriff on the execution is clearly within the statute, for he tells the court that voluntarily and without authority the execution was not levied. If for this omission, thus wantonly made, he would be liable to an action at the suit of the creditor, then surely under the act he is subject to the remedy which was resorted to.
Let the judgment be affirmed.